UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| WHITLEDGE TREE SERVICE, LLC | ) ) ) |
| Plaintiff, | ) ) ) |
| -vs- | ) CASE NO. 3:25-CV-00031 ) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY INSURANCE CO., | ) ) ) ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

Defendants, State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company (improperly named), by counsel, files this Notice of Removal to remove the above-captioned case to this Court. Defendants, appearing only to effect removal, and preserving all available defenses, state:

### VENUE

1. On January 14, 2025, Plaintiff filed its Complaint for Damages and Declaratory Judgment against Defendants in the Gibson County Superior Court, Indiana, under Case Number 26D01-2501-CT-000076 (the "State Court Action").

2. Removal of the State Court Action to this Court is proper under 28 U.S.C. § 1441(a) because the Southern District of Indiana, Evansville Division, embraces Gibson County, where the State Court Action is pending.

### REMOVAL IS TIMELY

3. Less than 30 days ago, on January 16, 2025, Defendants were served with Summonses and Plaintiff's Complaint. ECF 1-3 at 71-75.

4. On January 16, 2025, Attorney, Chad Antuma filed a Verified Petition for Temporary Admission on behalf of Plaintiff and the Court granted temporary admission on January 17, 2025. ECF Doc. 1-3 at 62-71, 76.

5. On February 10, 2025, Defendants appeared by counsel and filed a Notice of Automatic Enlargement of Time [until March 10, 2025] to Respond to Plaintiff's Complaint pursuant to Indiana Trial Rule 6(B). ECF Doc. 1-3 at 79-80.

6. There have been no other proceedings in the State Court Action.

7. Thus, Defendants' Notice of Removal is timely under 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION EXISTS

8. Under 28 U.S.C. § 1332(a), this Court has original jurisdiction over the State Court Action because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Plaintiff, Whitledge Tree Service, LLC, is a limited liability company organized in Indiana with its principal place of business in Princeton, Indiana. Plaintiff has two members, Joseph Whitledge and Julie Whitledge, both of whom are natural persons and citizens of Indiana. Thus, Plaintiff is a citizen of Indiana.

10. Defendant State Farm Fire and Casualty Company is a citizen of Illinois because it is a stock insurance company incorporated under the laws of Illinois with its principal place of business in Bloomington, Illinois.

11. Defendant State Farm Mutual Automobile Insurance Company is citizen of Illinois because it is a mutual insurance company incorporated under the laws of Illinois, with its principal place of business in Bloomington, Illinois.

12. The State Court Action arises from a dispute over the amount Plaintiff claims it is owed for tree removal services performed at the residential properties of two State Farm insureds. Plaintiff alleges in its Complaint that it was assigned the rights of these insureds and that State Farm breached its insurance contracts and acted in bad faith regarding coverage and payment for the insureds' claims. Plaintiff also seeks a declaratory judgment recognizing the validity of its assignments and its status as a claimant under the applicable State Farm policies. *See* ECF 1-2 at 7-11. (Complaint at ¶¶ 31-45, 47-51, 60).

13. The amount in controversy exceeds $75,000, exclusive of interest and costs, because Plaintiff claims, as part of its breach of contract claim, that it is still owed $53,010.17, plus interest and costs, for its tree removal services. In addition to asserting a claim for breach of contract, Plaintiff has asserted a bad faith claim against Defendants. Plaintiff's bad faith claim allows for punitive damages up to three times the compensatory damages awarded. *See generally* ECF 1-2 at 8-10 (Complaint at Count II); *see also Copak v. State Farm Mut. Auto. Ins. Co.*, No 2:12-cv-000400-JD, 2013 WL 450198, at *2 (N.D. Ind. Feb. 6, 2013) ("If [the plaintiff] were to be awarded the maximum punitive damages allowed by Ind. Code § 34-51-3-4, the amount in controversy would be approximately $100,000."). Thus, the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. The State Court Action does not fall within any class of actions under which applicable rules, laws, or statutes limit or prohibit removal to this Court.

15. For these reasons, the State Court Action is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446.

**STATUTORY REQUIREMENTS**

16. Pursuant to 28 U.S.C. § 1446(a), the State Court Record as of the date of this *Notice of Removal* is attached and includes the following: the Complaint, counsels' Appearances, the Summons, the Certificate of Service, the Certificate of Issuance of Summons, Attorney Chad Antuma's Verified Petition for Temporary Admission, the Court's Order granting Chad Antuma's Verified Petition for Temporary Admission, Certified Mail Return Receipts, and Defendants' Notice for Enlargement of Time. Defendants have attached each of these documents in ECF Doc. 1-3, and Defendants verify that the State Court record attached as ECF Doc. 1-3 is complete as of the date of removal.

17. Under 28 U.S.C. § 1446(d), Defendants will file a copy of this *Notice of Removal* with the Gibson County Superior Court, Indiana, and will serve Plaintiff with both this *Notice of Removal* and the *Notice of Filing Notice of Removal*.

WHEREFORE, Defendants, State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company, by counsel, notify this Court of the removal of the State Court Action.

                LEWIS WAGNER, LLP

                /s/ Michael R. Giordano
                MICHAEL R. GIORDANO, #31317-53
                C. CHASE WILSON, #38386-29
                *Attorneys for State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company*